```
                                    FILED
                                 May 30 2023
                          CLERK, U.S. DISTRICT COURT
                        SOUTHERN DISTRICT OF CALIFORNIA
                        BY    s/ melindajwilliams    DEPUTY
```

1
2   Thane Charman
    2270 Boundary St
3   San Diego, CA 92104
    Telephone:  800-673-4384
4   Email: OBEY.TCPA@GMAIL.COM

5   Plaintiff, Pro Se

6
7              UNITED STATES DISTRICT COURT
8              SOUTHERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| THANE CHARMAN, individual<br><br>Plaintiff,<br><br>v.<br><br>Core Digital Marketing LLC., D/B/A HIGH END CLIENT a OHIO LLC<br><br><br>Defendant, | Civil Case No.:  '23CV0995 GPC AHG<br><br>1. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. NEGLIGENT VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C §227 (b)]<br>3. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>5. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ]47 C.F.R. § 64.1200(d)}<br>JURY TRIAL DEMANDED |

COMPLAINT                          1

# PLAINTIFF'S ORIGINAL COMPLAINT

## PARTIES

1.     The Plaintiff is THANE CHARMAN ("Plaintiff") a natural person, resident of the Southern District of California, and was present in California for all automated text messages, in this case in San Diego County, California.

2.     Defendant Core Digital Marketing LLC. ("Defendant") is an LLC company organized and existing under the laws of Ohio with a principal address 6946 Tylersville Road West Chester, OH 45069

3.     Defendant  can be served c/o Katie Clyburn at Po Box 33, Greenfield, Oh, 45123


## JURISDICTION AND VENUE

4.     **Jurisdiction**.  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

5.     **Personal Jurisdiction.**  This Court has specific personal jurisdiction over ("Defendants"). Under California law (Business and Profession Code section 17511.1), telephonic sellers must register and be bonded.  Core Digital Marketing LLC engages in telephonic selling in the state of California without registering or bond.  This is a tort and the state of California has a personal jurisdiction in this.

6.     **Venue**. is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a

substantial part of the events giving rise to the claims—the automated text messages for the sale of goods and services directed at California residents, including the Plaintiff— occurred in this District and because the Plaintiff resides in this District. Residing in the Southern District of California when he received a substantial if not every single automated text message from Defendant that are the subject matter of this lawsuit.

7.     Defendant is, and at all times mentioned herein was, a Ohio LLC with a principal place of business in Ohio, and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district, sending unlawful text messages.

8.     This Court has venue over the Defendant because the automated text messages at issue were sent by or on behalf of the above-named Defendant to the Plaintiff, a California resident.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

9.     In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

11.    The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

12.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13.    Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

14.    The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

15.    According to findings of the FCC, the agency vested by Congress with authority to

---

[1] See Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

16.     The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

17.     The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

18.     *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a

solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

19.     The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

20.     Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

21.     A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (Internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

22.     Text messages are "calls" within the context of the TCPA. *Satterfield v. Simon &*

*Schuster, Inc.*, 569 F .3d 949 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

23.     At all times material hereto Plaintiff's number 619-3X0-X1X0 was successfully registered on the Do-Not-Call Registry.

24.     Plaintiff's number 619-3X0-X1X0 was registered on the Do-Not-Call Registry in May 2018.

25.     Plaintiff received at least one hundred and twenty-two (122) unauthorized automated text messages ("the text messages") to his personal cell phone 619 3X0-X1X0 from Defendant soliciting their goods and services starting on December 3, 2019.

26.     In order to determine who was behind the text messages, Plaintiff clicked on the link embedded in the text from Defendant sent to Plaintiff on December 3, 2019, from the number 360-207-3210.

27.     The link takes you to the website https://highendclient.com/breakthrough-call-booking-d1/.

28.     Defendant Core Digital Marketing LLC is doing business as High End Client.

29.     Table A below displays automated texts made to Plaintiff by Defendant:

TABLE A

| Call: | Number: | Date: | Time: | Redirected To: |
|---|---|---|---|---|
| 1 | 3602073210 | 3-Dec-19 | 12:47 PM | Website Controlled By Defendant |
| 2 | 5138084302 | 5-Mar-20 | 2:07 AM | Website Controlled By Defendant |
| 3 | 6204645991 | 3-Mar-20 | 3:12 PM | Website Controlled By Defendant |
| 4 | 8047048822 | 3-Jun-21 | 2:52 PM | Website Controlled By Defendant |
| 5 | 8332053454 | 5-Nov-20 | 11:21 AM | Website Controlled By Defendant |
| 6 | 8332871886 | 26-Dec-20 | 12:06 PM | Website Controlled By Defendant |
| 7 | 8333905488 | 10-Mar-21 | 3:26 PM | Website Controlled By Defendant |
| 8 | 8334928015 | 23-Aug-20 | 1:04 PM | Website Controlled By Defendant |
| 9 | 8334928015 | 24-Aug-20 | 2:11 PM | Website Controlled By Defendant |
| 10 | 8334928083 | 25-Aug-20 | 6:38 PM | Website Controlled By Defendant |
| 11 | 8334928083 | 24-Mar-22 | 12:47 PM | Website Controlled By Defendant |
| 12 | 8334928238 | 29-Sep-20 | 5:05 PM | Website Controlled By Defendant |
| 13 | 8334928276 | 27-Sep-20 | 12:08 PM | Website Controlled By Defendant |
| 14 | 8334928289 | 9-Oct-20 | 10:46 AM | Website Controlled By Defendant |
| 15 | 8334928289 | 20-Jan-22 | 3:19 PM | Website Controlled By Defendant |
| 16 | 8334966324 | 26-Aug-20 | 12:31 PM | Website Controlled By Defendant |
| 17 | 8334966324 | 30-Aug-21 | 4:57 PM | Website Controlled By Defendant |
| 18 | 8335046091 | 12-Oct-20 | 1:46 PM | Website Controlled By Defendant |
| 19 | 8335072309 | 26-Sep-21 | 12:31 PM | Website Controlled By Defendant |
| 20 | 8335261796 | 28-Nov-21 | 12:12 PM | Website Controlled By Defendant |
| 21 | 8335273697 | 16-Dec-20 | 9:35 AM | Website Controlled By Defendant |
| 22 | 8335273697 | 8-Apr-22 | 1:22 PM | Website Controlled By Defendant |
| 23 | 8335318928 | 20-Aug-20 | 9:09 AM | Website Controlled By Defendant |
| 24 | 8335318928 | 16-Aug-21 | 2:02 PM | Website Controlled By Defendant |
| 25 | 8335318928 | 7-Oct-21 | 4:54 PM | Website Controlled By Defendant |
| 26 | 8335335033 | 18-Aug-21 | 3:00 PM | Website Controlled By Defendant |
| 27 | 8335358138 | 20-Aug-20 | 2:16 PM | Website Controlled By Defendant |
| 28 | 8335359212 | 21-Jul-20 | 5:49 PM | Website Controlled By Defendant |
| 29 | 8335441159 | 27-Jul-21 | 1:15 PM | Website Controlled By Defendant |
| 30 | 8335441159 | 25-Oct-21 | 4:32 PM | Website Controlled By Defendant |
| 31 | 8335452645 | 5-Aug-20 | 2:05 PM | Website Controlled By Defendant |
| 32 | 8335496659 | 27-Oct-21 | 5:33 PM | Website Controlled By Defendant |
| 33 | 8335504753 | 7-Aug-20 | 6:22 PM | Website Controlled By Defendant |
| 34 | 8335576358 | 15-Mar-22 | 6:11 PM | Website Controlled By Defendant |
| 35 | 8335578364 | 10-Oct-20 | 12:58 PM | Website Controlled By Defendant |
| 36 | 8335578364 | 14-Feb-21 | 2:48 PM | Website Controlled By Defendant |
| 37 | 8335579370 | 11-Aug-20 | 6:49 PM | Website Controlled By Defendant |
| 38 | 8335579370 | 26-May-22 | 4:33 PM | Website Controlled By Defendant |
| 39 | 8335579370 | 31-May-22 | 2:23 PM | Website Controlled By Defendant |
| 40 | 8335579370 | 7-Jun-22 | 1:38 PM | Website Controlled By Defendant |
| 41 | 8335579370 | 13-Jun-22 | 2:40 PM | Website Controlled By Defendant |
| 42 | 8335579370 | 15-Jun-22 | 12:42 PM | Website Controlled By Defendant |
| 43 | 8335579370 | 9-Jul-22 | 11:39 AM | Website Controlled By Defendant |
| 44 | 8335579370 | 12-Jul-22 | 6:47 PM | Website Controlled By Defendant |
| 45 | 8335579370 | 26-Jul-22 | 6:50 PM | Website Controlled By Defendant |
| 46 | 8335579370 | 9-Oct-22 | 10:46 AM | Website Controlled By Defendant |
| 47 | 8335579370 | 20-Oct-22 | 3:07 PM | Website Controlled By Defendant |
| 48 | 8335579370 | 8-Nov-22 | 11:53 AM | Website Controlled By Defendant |
| 49 | 8335579370 | 8-Nov-22 | 11:57 AM | Website Controlled By Defendant |
| 50 | 8335579370 | 30-Nov-22 | 12:24 PM | Website Controlled By Defendant |
| 51 | 8335579370 | 7-Dec-22 | 3:58 PM | Website Controlled By Defendant |
| 52 | 8335579370 | 6-Jan-23 | 11:41 AM | Website Controlled By Defendant |
| 53 | 8335636284 | 7-Sep-20 | 6:43 PM | Website Controlled By Defendant |
| 54 | 8335651174 | 3-Nov-21 | 1:24 PM | Website Controlled By Defendant |
| 55 | 8335661261 | 16-Aug-20 | 12:06 PM | Website Controlled By Defendant |

COMPLAINT

| | | | | |
|---|---|---|---|---|
| 56 | 8335661261 | 8-Oct-21 | 4:07 PM | Website Controlled By Defendant |
| 57 | 8335685671 | 9-Nov-20 | 6:38 PM | Website Controlled By Defendant |
| 58 | 8336421479 | 4-Jan-21 | 2:21 PM | Website Controlled By Defendant |
| 59 | 8336421479 | 24-Feb-21 | 1:50 PM | Website Controlled By Defendant |
| 60 | 8338219263 | 17-Mar-21 | 1:20 PM | Website Controlled By Defendant |
| 61 | 8338291832 | 6-Jan-21 | 3:47 PM | Website Controlled By Defendant |
| 62 | 8338291832 | 15-Mar-21 | 5:04 PM | Website Controlled By Defendant |
| 63 | 8338552649 | 5-Oct-21 | 1:20 PM | Website Controlled By Defendant |
| 64 | 8338652746 | 18-Apr-22 | 6:03 PM | Website Controlled By Defendant |
| 65 | 8338780953 | 6-Dec-20 | 11:05 AM | Website Controlled By Defendant |
| 66 | 8338791258 | 4-Oct-20 | 1:38 PM | Website Controlled By Defendant |
| 67 | 8338791258 | 4-Oct-20 | 1:38 PM | Website Controlled By Defendant |
| 68 | 8338878824 | 3-Mar-22 | 1:22 PM | Website Controlled By Defendant |
| 69 | 8338906950 | 26-Oct-20 | 1:29 PM | Website Controlled By Defendant |
| 70 | 8338906950 | 16-Feb-21 | 5:34 PM | Website Controlled By Defendant |
| 71 | 8338980120 | 29-Sep-21 | 12:53 PM | Website Controlled By Defendant |
| 72 | 8339021552 | 17-Nov-21 | 3:52 PM | Website Controlled By Defendant |
| 73 | 8339149444 | 3-Sep-20 | 5:03 PM | Website Controlled By Defendant |
| 74 | 8339149444 | 5-Apr-22 | 11:42 AM | Website Controlled By Defendant |
| 75 | 8339195109 | 1-Sep-20 | 11:27 AM | Website Controlled By Defendant |
| 76 | 8339201478 | 7-Sep-20 | 5:54 PM | Website Controlled By Defendant |
| 77 | 8339244673 | 26-Aug-20 | 1:02 PM | Website Controlled By Defendant |
| 78 | 8339251139 | 9-Sep-20 | 9:03 AM | Website Controlled By Defendant |
| 79 | 8339291444 | 9-Sep-21 | 5:32 PM | Website Controlled By Defendant |
| 80 | 8443252085 | 7-Jan-21 | 3:04 PM | Website Controlled By Defendant |
| 81 | 8443668102 | 11-Nov-20 | 6:10 PM | Website Controlled By Defendant |
| 82 | 8443668102 | 16-Feb-22 | 12:07 PM | Website Controlled By Defendant |
| 83 | 8444024631 | 24-Sep-20 | 1:41 PM | Website Controlled By Defendant |
| 84 | 8444132801 | 3-Nov-20 | 1:51 PM | Website Controlled By Defendant |
| 85 | 8444132841 | 17-Sep-20 | 1:07 PM | Website Controlled By Defendant |
| 86 | 8444318821 | 9-Sep-20 | 3:05 PM | Website Controlled By Defendant |
| 87 | 8444318821 | 23-Sep-21 | 4:34 PM | Website Controlled By Defendant |
| 88 | 8444318821 | 11-Dec-21 | 5:02 PM | Website Controlled By Defendant |
| 89 | 8444673221 | 15-Sep-21 | 4:26 PM | Website Controlled By Defendant |
| 90 | 8444678371 | 14-Sep-21 | 3:47 PM | Website Controlled By Defendant |
| 91 | 8445060109 | 10-Jan-21 | 11:56 AM | Website Controlled By Defendant |
| 92 | 8445149081 | 9-Dec-20 | 4:05 PM | Website Controlled By Defendant |
| 93 | 8445156282 | 24-Mar-21 | 4:25 PM | Website Controlled By Defendant |
| 94 | 8445296140 | 15-Nov-20 | 11:03 AM | Website Controlled By Defendant |
| 95 | 8445296943 | 13-Jan-21 | 6:04 PM | Website Controlled By Defendant |
| 96 | 8445504716 | 17-Jan-21 | 11:44 AM | Website Controlled By Defendant |
| 97 | 8445635220 | 14-Jan-21 | 4:50 PM | Website Controlled By Defendant |
| 98 | 8445665940 | 19-Jan-21 | 6:13 PM | Website Controlled By Defendant |
| 99 | 8445683379 | 18-Nov-20 | 5:27 PM | Website Controlled By Defendant |
| 100 | 8445683379 | 18-Feb-21 | 5:53 PM | Website Controlled By Defendant |
| 101 | 8445761471 | 1-Nov-20 | 11:03 AM | Website Controlled By Defendant |
| 102 | 8445761471 | 30-Jan-21 | 10:14 AM | Website Controlled By Defendant |
| 103 | 8445880643 | 24-Jan-21 | 11:04 AM | Website Controlled By Defendant |
| 104 | 8446037077 | 13-Dec-20 | 11:04 AM | Website Controlled By Defendant |
| 105 | 8446304730 | 20-Dec-20 | 2:10 PM | Website Controlled By Defendant |

COMPLAINT 9

| 105 | 8446304730 | 20-Dec-20 | 2:10 PM | Website Controlled By Defendant |
| 106 | 8446381592 | 23-Nov-20 | 2:05 PM | Website Controlled By Defendant |
| 107 | 8447724334 | 31-Jan-21 | 12:14 PM | Website Controlled By Defendant |
| 108 | 9542281819 | 20-Sep-20 | 2:05 PM | Website Controlled By Defendant |
| 109 | 9542281819 | 4-May-21 | 3:31 PM | Website Controlled By Defendant |
| 110 | 9542281819 | 19-Oct-21 | 2:32 AM | Website Controlled By Defendant |
| 111 | 9542281819 | 27-Jun-22 | 1:15 PM | Website Controlled By Defendant |
| 112 | 9542281819 | 20-Sep-20 | 2:05 PM | Website Controlled By Defendant |
| 113 | 9542281819 | 4-May-21 | 3:31 PM | Website Controlled By Defendant |
| 114 | 9542281819 | 19-Oct-21 | 2:32 PM | Website Controlled By Defendant |
| 115 | 9542371423 | 21-Apr-21 | 4:43 PM | Website Controlled By Defendant |
| 116 | 9542371423 | 20-Jul-21 | 9:24 PM | Website Controlled By Defendant |
| 117 | 9542371520 | 26-Apr-21 | 3:12 PM | Website Controlled By Defendant |
| 118 | 9542373391 | 16-Apr-21 | 3:12 PM | Website Controlled By Defendant |
| 119 | 9542373391 | 9-May-21 | 3:22 PM | Website Controlled By Defendant |
| 120 | 9542373391 | 17-Jul-22 | 12:20 PM | Website Controlled By Defendant |
| 121 | 9542374814 | 19-Apr-21 | 4:03 AM | Website Controlled By Defendant |
| 122 | 9542374814 | 27-May-21 | 1:01 PM | Website Controlled By Defendant |

30.   Defendant is a lead generation and digital marketing company.

31.   Defendant solicited Plaintiff for coaching and marketing training purposes.

32.   Defendant did not have any prior existing business relationship with Plaintiff. Plaintiff has never been a customer or client of Defendant.

33.   Plaintiff did not give Defendant his prior express written consent to receive the text messages.

34.   The text messages Plaintiff received from Defendant were generated and sent using an ATDS.

35.   Plaintiff infers an ATDS was used because the text messages sent by Defendant to Plaintiff:

    a.   Are impersonal to Plaintiff and do not address Plaintiff by name;

    b.   Were sent from non-working phone numbers that could not be called back or used to connect to a human being;

COMPLAINT                                      10

c.  Came in rapid succession despite Plaintiff delivering a DNC request to Defendant;

d.  ATDS is the only reason that explains how Plaintiff's phone number could have been reached by Defendant considering Plaintiff never gave Defendant his phone number;

e.  If ATDS was not used then Defendant purposefully and actively sent Plaintiff the text messages despite having been delivered a DNC request.

36.    On or about December 3, 2019, Plaintiff received the first of at least 115 text messages from Defendant.

37.    On or about January 5, 2020, Plaintiff, through his then counsel, sent Defendant's counsel a certified letter with return receipt requested alerting Defendant of the unwanted text messages.

38.    The certified letter with return receipt requested from paragraph 34 was refused to be received by Defendant.  Defendant refused to sign for the letter.

39.    On or about January 13, 2020, Plaintiff resent the letter to Defendant via regular mail without the return receipt requested because Defendant refused to sign for the letter in paragraph 34.  Through information and belief, this letter was received and Defendant was on full notice Plaintiff did not want, or consent to, the text messages.

40.    The text messages ceased for two months and began back on March 3, 2020.

41.    Plaintiff was confused by the March 3, 2020, text message because the identity of

COMPLAINT                                11

the sender was hidden.  Therefore, Plaintiff as part of an investigation clicked the link in the text message.  Plaintiff was taken to a website owned by Defendant.  However, this website did not list any identifiable information.  This forced Plaintiff to fill out the survey.  Only after filling out the survey was Plaintiff sent an email that revealed that Defendant was behind the text message and website.

42.    Defendant was on full notice on March 3, 2020, that Plaintiff did not want their text messages.  Plaintiff contends that any established business relationship (EBR) status gained from filling out the survey is null and void because Plaintiff had no way of knowing who sent the survey prior to filling out the survey.

43.    If any EBR was established on March 3, 2020, it would have expired after 90 days rendering each and every text message from that point forward a violation of Plaintiff's privacy rights.

44.    For the purposes of demonstrating the solicitation nature of the text messages, Plaintiff lists the content of some of the text messages in paragraphs 39-57.

45.    Plaintiff on August 11, 2020, received a text from the number 833-557-9370 the text reads.  "accepting new clients thane? We've heard great things. We'll guarantee u clients. Grab a time -> 2chatnow.com –Let's chat  -HECP Team optout reply stop

46.    Plaintiff on May 26, 2022, received a text from the number 833-557-9370 the text reads.  Your New /Client Lead access is ready thane! Big client leads in your area from linkedin. Expires at 10pm→ clientleads.net reply stop to optout

COMPLAINT                                    12

47.     Plaintiff on May 31, 2022, received a text from the number 833-557-9370 the text reads. Your New Client Lead access is waiting thane! (Big client lead) in your area from linkedin.  Acton Needed-> clientleads.net Reply STOP to OptOut

48.     Plaintiff on June 7, 2022, received a text from the number 833-557-9370 the text reads. Your (Big Client) Lead access is open until tomorrow thane! In your area from Linkedin. Action Needed-> ClientLeadsNow.com Reply STOP to OptOut

49.     Plaintiff on June 13, 2022, received a text from the number 833-557-9370 the text reads.  You've got New Client Lead access waiting thane! (500K+Client Lead) from LinkedIn is ready => Clientleads.net  Reply STOP to OptOut

50.     Plaintiff on June 15, 2022, received a text from the number 833-557-9370 the text reads.  You've got New Client Lead access waiting thane! (500K+Client Lead) from LinkedIn is ready => Clientleads.net  Reply STOP to OptOut

51.     Plaintiff on July 9, 2022, received a text from the number 833-557-9370 the text reads.  You've got New Client Lead access waiting thane! (*Expires at 9pm) Login now – smsu.io/dusqx –High End Client  Reply STOP to OptOut

52.     Plaintiff on July 12, 2022, received a text from the number 833-557-9370 the text reads. Your New Client Lead access is still waiting thane! (*Action Needed) Login Now smsu.io/545yo –High End Client  Reply STOP to OptOut

53.     Plaintiff on July 26, 2022, received a text from the number 833-557-9370 the text reads. Your Newclientlead.com access is waiting thane! (New Client Leads) available in

your area right now. *Action Needed  Reply STOP to OptOut

54.     Plaintiff on October 9, 2022, received a text from the number 833-557-9370 the text reads.  Are you working today Thane? You've got New Motivated Seller (500k+) access waiting → NeSellerAccess.com –expires soon!  Reply STOP to OptOut

55.     Plaintiff on October 20, 2022, received a text from the number 833-557-9370 the text reads.    Reply STOP to OptOut

56.     Plaintiff on November 8, 2022, at 11:53 AM received a text from the number 833-557-9370 the text reads.  You've got Newsellerlead.com access waiting Thane! Action Needed by 7 pm Reply STOP to OptOut

57.     Plaintiff on November 20, 2022, at 11:57 AM received a text from the number 833-557-9370 the text reads. You've got Newclientlead.com access waiting thane! Action Needed by 8 pm.–HighEndClient Team    Reply STOP to OptOut

58.     Plaintiff on November 30, 2022, received a text from the number 833-557-9370 the text reads. Your NewSellerLead.com is waiting Thane… expires at 7pm! –High End Client Team Reply STOP to OptOut

59.     Plaintiff on December 7, 2022, received a text from the number 833-557-9370 the text reads. You've got New Seller (500k+) access waiting Thane! *Expires at 9pm=> SellerLead.net  Reply STOP to OptOut

60.     Plaintiff on January 6, 2022, received a text from the number 833-557-9370 the text reads. You've got newsellerlead.com access waiting Thane! Pickup by 7pm or you

will miss out. –High End Client Division  Reply STOP to OptOut

61.     Plaintiff on September 9, 2020, received a text from the number 844-431-8821 the text reads. Heads up Thane Can u handle a New Listing lead right now? (Via LinkedIn) go to list-re.com and let's chat ASAP highend client team    OptOut Reply STOP

62.     Plaintiff on September 23, 2021, received a text from the number 844-431-8821 the text reads. Heads up Thane Can u handle a New Listing lead right now? (Via LinkedIn) go to list-re.com and let's chat ASAP highend client team    OptOut Reply STOP

63.     Plaintiff on December 11, 2021, received a text from the number 833-557-9370 the text reads. Can you handle a New Client next week Thane?  (Big CEO Client in your area) from LinkedIn. Let me know by 11 pm => NewClientLead.com    Reply STOP to OptOut

64.     Plaintiff clicked each of the links embedded in the automated text messages and was directed to a website owned by Defendant: https://hecp.wufoo.com/forms/z1jvjjl11feg1bn/.  This website has a survey that asks questions related to real estate solicitation.

65.     Plaintiff answered the questions in order to find out who owned the website.  Upon pressing "submit" Plaintiff was directed to website https://highendclient.com/breakthrough-call-te/.

66.     Each and every text message received by Plaintiff contained a link to a website

COMPLAINT                                  15

owned by Defendant and/or stated high end client.

67.    The text messages Plaintiff received from Defendant do not reveal the identity of Defendant.

68.    The marketing messages are impersonal in nature.

69.    Plaintiff sent a request to Defendant requesting an internal do not call policy on May 7, 2023, to the verified email Support@coredm.com.

70.    Defendant failed and/or refused to send Plaintiff a copy of any internal do not call policy.

71.    On information and belief, Defendant did not have a written do-not-call policy while they were sending Mr. Charman the text messages.

72.    No emergency necessitated any of the alleged illegal automated text messages.

73.    The text messages Plaintiff received from Defendant were placed while knowingly ignoring the national do-not-call registry. The text messages were placed without training their agents/employees on the use of an internal do-not-call policy.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

74.    Defendant's automated text messages harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

75.    Defendant's automated text messages harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

COMPLAINT                                    16

76.     Defendant's automated text messages harmed Plaintiff by intruding upon Plaintiff's seclusion.

77.     Plaintiff has been harmed, injured, and damaged by the text messages including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

### Plaintiff's cell phone is a residential number

78.     The text messages were to Plaintiff's cellular phone ending 619 3X0-X1X0 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts.

### COUNT ONE:
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing without Prior Express Written Consent

79.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

80.     Defendant and/or their agents placed automated text messages to Plaintiff's cellular telephone.

81.     Plaintiff never consented to receive automated text messages from Defendant. Plaintiff has had no relationship with Defendant.

COMPLAINT                                    17

82.    Defendant automated text messages were made for purposes of advertising and marketing their goods and services.  These automated text messages constituted commercial advertising and telemarketing as contemplated by the TCPA.

83.    As a result of their unlawful conduct, Defendant repeatedly invaded the personal privacy of Plaintiffs, causing Plaintiff to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling Plaintiff to recover $500 in statutory damages for each violation and an injunction requiring Defendant to stop their unlawful text message campaigns.

84.    Not only did Defendant make these violating automated text messages, but Defendant and/or their agents also did so "knowingly" and/or "willfully' under 47 U.S.C. § 227 (b)(3)(C).

85.    If the Court finds that Defendant willfully or knowingly violated this subsection, the Court may exercise its discretion to increase the amount of the award from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## COUNT TWO:

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

86.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

87.    The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations

COMPLAINT                              18

to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

88.     Plaintiff was statutorily damaged at least one hundred and fifteen (115) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the automated text messages described above, in the amount of $500 per automated text message.

89.     Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

90.     Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

### COUNT THREE:
### Telemarketing without Mandated Safeguards, 47 C.F.R. § 64.1200(d)

91.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

92.     The foregoing acts and omissions of Defendant  and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking the following:

     a.  A written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1)[2];

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).

COMPLAINT                                        19

b. Training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2)[3]; and,

c. In the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

93. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c) (5)(B).

94. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff THANE CHARMAN prays for judgment against the defedent jointly and severally as follows:

A.     Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.     A declaration that actions complained of herein by Defendant violates the TCPA and California state law;

---

[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 (codifying a June 26, 2003 FCC order

COMPLAINT                                    20

C.      An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $1500 per automated text message in statutory damages arising from the TCPA §227(b) intentional violations jointly and severally against the corporations and individuals for one hundred and fifteen (115) automated text messages.

E.      An award of $1500 per automated text message in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporations and individuals for one hundred and fifteen (115) automated text messages.

F.      An award to Mr. Charman of damages, as allowed by law under the TCPA;

G.      An award to Mr. Charman of interest, costs, and attorneys' fees, as allowed by law and equity

H.      Such further relief as the Court deems necessary, just, and proper.



Dated: March 26, 2023            Respectfully submitted,


                                 By: /s/ Thane charman
                                     Thane Charman
                                     2270 Boundary St
                                     San Diego, CA 92104
                                     Telephone: 800-673-4384
                                     Email: OBEY.TCPA@GMAIL.COM

COMPLAINT                              21

THANE CHARMAN
*Plaintiff, Pro Se*

COMPLAINT                                    22