UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual,<br><br>                                   Plaintiff,<br><br>v.<br><br>CORE DIGITAL MARKETING LLC,<br>D/B/A HIGH END CLIENT, a Ohio LLC;<br>KENT LITTLEJOHN, an individual;<br>MATTHEW BARCUS, an individual,<br><br>                                   Defendants. | Case No.:  23-CV-995 JLS (AHG)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR EXTENSION TO RESPOND TO COMPLAINT**<br><br>(ECF No. 11) |

Presently before the Court is the *ex parte* Request for Extension to Respond to Complaint ("Req.," ECF No. 11) filed by Defendants Kent Littlejohn and Mattew Barcus (collectively, "Defendants"). Defendants, acting pro se, seek a 60-day extension to answer Plaintiff Thane Charman's Amended Complaint ("Am. Compl., ECF No. 6). Plaintiff has not responded to the Request. *See* Docket.

Plaintiff filed his Amended Complaint on October 17, 2023. *See* Am. Compl. The Court issued an amended summons on October 24. *See* ECF No. 7. Plaintiff then returned an executed summons for each Defendant, showing that all three were served on October 25. *See* ECF Nos. 8–10. As defendants must typically serve an answer "within 21 days after being served with the summons and complaint," Fed. R. Civ. P.

12(a)(1)(A)(i), Defendants were required to respond by November 15.  Defendants filed the instant Request on December 8.  *See* Req.

Defendants provide two explanations for their failure to timely respond to the Amended Complaint.  Defendants first state that they are unable to afford legal representation because "Core Digital Marketing LLC has experienced significant financial difficulties."  *Id.* at 1.  Defendants next contend that they "had no direct involvement in, nor were aware of, any actions that may have caused distress or inconvenience to" Plaintiff.  *Id.*  Given their lack of personal knowledge, and as they recently "release[d] the majority of [their] staff," Defendants assert that more time is needed to "conduct a thorough review" of Plaintiff's allegations.  *Id.*

Under Federal Rule of Civil Procedure 6(b), the Court may extend a filing deadline for good cause "on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  "[T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

On balance, the above factors militate towards granting Defendants an extension.  Courts have found that failing to timely answer a complaint due to difficulty in obtaining counsel can constitute excusable neglect.  *See Transpay, Inc. v. TMNPS, Inc.*, No. CV 05-00590 SPK-LEK, 2006 WL 8436541, at *4 (D. Haw. Apr. 17, 2006).  And the Court sees little to suggest that Defendants are acting in bad faith.  However, the Court is mindful of the potential impact on Plaintiff and the proceedings that a lengthy delay could pose.  As the Request comes over three weeks after their original deadline passed, the Court is disinclined to grant Defendants a further 60 days without additional explanation or input from Plaintiff.

/ / /

/ / /

Accordingly, the Court **GRANTS** Defendants' Request.   Defendants **SHALL SERVE** their answer or another responsive pleading <u>within thirty (30) days</u> of the date of this Order.

**IT IS SO ORDERED.**

Dated:  December 14, 2023

Hon. Janis L. Sammartino
United States District Judge

23-CV-995 JLS (AHG)