UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, an individual,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORE DIGITAL MARKETING LLC, D/B/A HIGH END CLIENT, an Ohio LLC; KENT LITTLEJOHN, an individual; MATTHEW BARCUS, an individual,<br><br>　　　　　　　　　　Defendants. | Case No.: 23-CV-995 JLS (AHG)<br><br>**ORDER (1) DENYING MOTION TO EXTEND; (2) VACATING MARCH 21, 2024 HEARING; AND (3) SETTING BRIEFING SCHEDULE ON DEFAULT MOTIONS**<br><br>(ECF Nos. 16 & 17) |

　　　Presently before the Court is a Request for Extension to Respond to Complaint ("Mot. to Extend," ECF No. 16) filed by Defendants Core Digital Marketing LLC, Kent Littlejohn, and Matt Barcus (collectively "Defendants"). Also before the Court is Plaintiff Thane Charman's Motion for Default Judgment ("Default Judgment Mot.," ECF No. 17), which is currently scheduled for a hearing on March 21, 2024. For the reasons that follow, the Court **DENIES** the Motion to Extend, **VACATES** the March 21 hearing, and **SETS** a new briefing schedule for matters relating to default in this action.

## BACKGROUND

　　　When the Court granted Defendants' prior request for an extension, it required Defendants to respond to Plaintiff's Amended Complaint ("Am. Compl.," ECF No. 6) by

January 15, 2024. *See generally* ECF No. 13. That deadline came and went without word from Defendants, prompting Plaintiff to file a Request for Clerk's Entry of Default ("Req.," ECF No. 14) on January 29. The Clerk entered default as to all three Defendants on February 6. *See* ECF No. 15. Defendants then filed their Motion to Extend on February 13, and Plaintiff's Default Judgment Motion followed the next day. *See* Docket.

## DISCUSSION

The intent behind Defendants' Motion to Extend is unclear. Defendants seek additional time to respond to the Amended Complaint due to difficulties associated with their finances and obtaining counsel. *See* Mot. to Extend at 1. But as default has been entered, Defendants have missed their window to answer the Amended Complaint. *See Exim, Inc. v. Innogarant, LLC*, No. 10 CIV 5271 CM, 2011 WL 240130, at *4 (S.D.N.Y. Jan. 19, 2011) ("The effect of the Clerk's entry of default under [Federal Rule of Civil Procedure] 55(a) is to establish the defaulting party's liability as a basis for default judgment. After failing to plead or otherwise defend as required by Rule 55(a), a party has no further right to dispute the issue of liability." (citation omitted)). As the time for seeking an extension has passed, the Court will not grant the Motion to Extend.

Of course, parties may move to set aside a default pursuant to Rule 55(c). But while the Court is inclined to read filings from Defendants—who are not presently represented by counsel—liberally at this stage, it appears unlikely that Defendants intended the Motion to Extend as a Rule 55(c) request. The Motion neither acknowledges that Plaintiff requested the entry of default nor that Plaintiff's Request was granted. More importantly, the Motion fails to address Rule 55(c)'s "good cause" factors. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (listing Rule 55(c)'s factors as: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default" (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.1984))). The Court will thus not construe Defendants' Motion to Extend as a motion to set aside the entry of default.

///

The Court's analysis does not end there, however.  The Court acknowledges that the Motion to Extend—though ultimately unsuccessful—provides at least some indication that Defendants seek to participate in these proceedings.  That gesture is not meaningless, as "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.  The Court is therefore inclined to provide Defendants with time to file a motion to set aside the entry of default, and allow Plaintiff to oppose any such motion, before the Court rules on Plaintiff's Default Judgment Motion (to which Defendants also have the opportunity to respond).

## CONCLUSION

In light of the foregoing, the Court **DENIES** the Motion to Extend (ECF No. 16), **VACATES** the March 21, 2024 hearing set for Plaintiff's Default Judgment Motion (ECF No. 17), and **SCHEDULES** briefing on the matters discussed in this Order as follows:

1) Defendants **MAY FILE** a motion to set aside the Clerk's Entry of Default on or before March 15, 2024.[1]

    a. If Defendants file such a motion, Plaintiff **SHALL FILE** a response on or before April 5, 2024.

    b. Defendants **MAY FILE** a reply in support of their motion on or before April 12, 2024.

2) Defendants **SHALL FILE** a response to Plaintiff's Default Judgment Motion on or before April 5, 2024.

    a. Plaintiff **MAY FILE** a reply in support of the Default Judgment Motion on or before April 12, 2024.

The Court cautions the Parties that no extensions of these deadlines will be granted absent extraordinary circumstances.  After the above briefing is complete, the Court will

---

[1] Defendants need not obtain a hearing date for any such motion from Chambers, but Defendants must follow all other requirements for filing motions detailed in this District's Civil Local Rules.

1 | take these matters under submission without oral argument pursuant to Civil Local
2 | Rule 7.1(d)(1).
3 |     **IT IS SO ORDERED.**
4 | Dated: February 16, 2024

Hon. Janis L. Sammartino
United States District Judge